UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: December 17, 2014

Mr. Daniel T. Ellis
Lydy & Moan
4930 Holland Sylvania Road
Sylvania, OH 43560

Mr. Adam Wade Loukx
City of Toledo
640 Jackson Street
Suite 2250, One Government Center
Toledo, OH 43604

Mr. John Thomas Madigan
City of Toledo
One Government Center
Toledo, OH 43604

      Re: Case No. 14-4050, *Shawn Northrup v. City of Toledo Police Dept, et al*
         Originating Case No. : 3:12-cv-01544

Dear Counsel,

 The briefing schedule for this case has been reset and the briefs listed below must be filed electronically with the Clerk's office no later than these dates. Counsel are strongly encouraged to read the latest version of the Sixth Circuit Rules at www.ca6.uscourts.gov, in particular Rules 28 and 30.

| | |
|---|---|
| Appellee's Brief<br>Appendix (if required by 6th<br> Cir. R. 30(a) and (c)) | Filed electronically by **February 9, 2015** |
| Appellant's Reply Brief<br>(Optional Brief) | Filed electronically **17** days after<br>the appellee's brief is filed.<br>See Fed. R. App. P. 26(c) |

A party desiring oral argument must include a statement <u>in the brief</u> setting forth the reason(s) why oral argument should be heard. *See* 6th Cir. R. 34(a). If the docket entry for your brief indicates that you have requested oral argument but the statement itself is missing, you will be directed to file a corrected brief.

In scheduling appeals for oral argument, the court will do what it can to avoid any dates which counsel have called to its attention as presenting a conflict. If you have any such dates, you should address a letter to the Clerk advising of the conflicted dates.

    Sincerely yours,

    s/Amy E. Gigliotti
    Case Manager
    Direct Dial No. 513-564-7012

Enclosure

# CHECKLIST FOR BRIEFS

ECF FUNDAMENTALS:

\_\_\_ Briefs filed ECF unless filer is pro se or attorney with a waiver for ECF filings

\_\_\_ PDF format required

\_\_\_ Native PDF format strongly preferred

\_\_\_ In consolidated cases (excluding cross-appeals), appellants should **un-check** the case number(s) that is/are not their case. The appellant's brief should appear only on the docket of his/her specific appeal.

\_\_\_ Parties who have joined in a notice of appeal shall file a single brief. Fed. R. App. P. 3(b)(1).

COVER OF BRIEF (Fed. R. App. P. 32(a)(2)):

\_\_\_ Sixth Circuit case number

\_\_\_ Heading: "United States Court of Appeals for the Sixth Circuit"

\_\_\_ Title of case

\_\_\_ Nature of proceeding and name of court, agency or board below

\_\_\_ Title of brief (example "Appellant's Brief")

\_\_\_ Name(s) and address(es) of counsel filing the brief

CONTENTS (Fed. R. App. P. 28, 6 Cir. R. 28):

\_\_\_ Corporate Disclosure Form

\_\_\_ Table of Contents

\_\_\_ Table of Authorities with page references (with cases alphabetically arranged, statutes and other authorities)

\_\_\_ **Statement in support of oral argument** (if there is no statement, argument is waived)

\*\*\*Page limitation, word or line count begins here. See Fed. R. App. P. 32(a)(7)

\_\_\_ Jurisdictional statement

\_\_\_ Statement of issues

\_\_\_ Statement of the case, setting out the relevant facts and history with references to the record

> When referring to a district court record, the citation must include: (1) a brief description of the document; (2) the docket entry number of the document; and (3) the Page ID # range for the relevant pages. See 6 Cir. R. 28 for additional information on how to reference appendices or administrative records in other appeals. Examples:
>
> Motion for Summary Judgment, RE 24, Page ID # 120-145
> Transcript, RE 53, Page ID # 675-682
> Plea Agreement, R. 44, Page ID # 220-225
> A.R., RE 5, Page ID # 190-191, pp. 69-70

\_\_\_ Summary of argument

\_\_\_ Argument **with references to record and citations to case law, statutes and other authorities**. The preferred format is that references and citations appear in the body of the text and not in footnotes.

\_\_\_ Standard of review (for each issue which may appear in discussion of each issue or under separate heading placed before discussion of issues)

\_\_\_ Signed conclusion
   Signature format is: s/(attorney's name)
   Graphic or other electronic signatures discouraged
\*\*\*Page limitation, word or line count ends here

\_\_\_ A Certificate of Compliance as required by Fed. R. App. P. 32(a)(7)(C)

\_\_\_ Dated Certificate of Service

\_\_\_ **Designation of Relevant District Court Documents with Page ID # range**

\_\_\_ Other Addendum contents allowed by Fed. R. App. P. 28(f) or 6 Cir. R. 28(b). Addendum may **not** contain any items from lower court record or appendix.

TYPEFACE AND LENGTH (See Fed. R. App. 32(a)(5) and (a)(7):

\_\_\_ Typeface either proportionally-spaced font at 14 point (such as CG Times or Times New Roman) or monospaced font at 12 point (such as Courier New)

   Times New Roman at 14 point   `Courier New at 12 point`

\_\_\_ Length for principal briefs: 30 pages OR up to 14,000 words (proportional fonts) OR up to 1300 lines (monospaced font)

\_\_\_ Length for reply brief: 15 pages OR up to 7,000 words (proportional fonts) OR up to 650 lines (monospaced font)

\_\_\_ Briefs using the 14,000 word or 1300 line limits <u>must</u> include word or line count in certificate of compliance (see Fed. R. App. P. 32(a)(7)(C)).

\_\_\_ Headings, footnote and quotations count toward word or line limitations

| | For Death Penalty briefs, see 6 Cir. R. 32(b)(2) |
|---|---|
| ___ | For Cross-Appeals, see Fed. R. App. P. 28.1 |
| ___ | For Amicus briefs, see Fed. R. App. P. 29 and 32 |

MISCELLANEOUS:

___ Personal information must be redacted from the brief - see Fed. R. App. P. 25(a)(5) for specifics. When filing a brief, the ECF system will require attorneys to verify that personal information has been redacted.

___ Footnotes must be same sized text as body of brief.